<p style="text-align:center; color:red;">Corrected</p>

# In the United States Court of Federal Claims

|  |  |
|---|---|
| DANIEL W. LOWRY )<br><br>Plaintiff, )<br><br>v. )<br><br>THE UNITED STATES OF AMERICA, )<br><br>Defendant. ) | No. 20-682C<br><br>(Filed:  October 19, 2021) |

*Wojciech Kornacki*, Pentagon Law Office, Washington, DC, for Plaintiff.

*Michael D. Austin*, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Douglas K. Mickle*, Assistant Director, *Martin F. Hockey, Jr.*, Acting Director, and *Brian M. Boynton*, Acting Assistant Attorney General, for Defendant. *Lieutenant Colonel Jahn Olson*, Office of the Judge Advocate General, General Litigation Division, U.S. Department of the Navy, Washington Navy Yard, DC, Of Counsel.

## OPINION AND ORDER

On April 8, 2021, the Court issued an opinion in this Military Pay Act case granting Plaintiff Daniel W. Lowry's motion for judgment on the administrative record, denying the government's cross-motion, and remanding the case to the Board for the Correction of Naval Records ("BCNR"). Op. and Order ("April 8 Op.") at 19, ECF No. 27. The Court held that the Navy violated its own regulations (specifically, Department of Defense Instruction ("DODI") 1332.14 encl. 5, section 3a(1) and Navy Military Personnel Manual ("MILPERSMAN") 1910-402 paragraph 3) when it separated Mr. Lowry from service based on misconduct other than that with which he was charged in his notice of separation. Id. at 16. Therefore, the Court concluded, the BCNR's decision upholding the separation was arbitrary, capricious, and contrary to law. Id. at 16–17. The Court remanded the case to the BCNR for it to correct Mr. Lowry's military records to reflect: (1) his reinstatement to active duty in the Navy, effective the date of his improper separation; and (2) his retirement from service pursuant to 10 U.S.C. § 7314, effective as of December 19, 2016, the date that—but for his unlawful separation—he would have served for more than twenty years. Id. at 19.

On July 6, 2021, the government moved for reconsideration of the Court's ruling, purportedly under Rule 60(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). See Def.'s Mot. for Recons. ("Def.'s Mot.") at 1, ECF No. 32. In its motion, the government argues that the Court should set aside its ruling that the BCNR's decision was arbitrary, capricious, and

contrary to law and remand the case to the Board to: (1) "clarify its apparently discrepant statements" concerning the reasons why Mr. Lowry was separated from the Navy, id. at 3; and (2) determine for itself "whether Mr. Lowry was properly notified of the basis of his separation," id. at 10.

In addition, the government argues that the Court should reconsider its instruction that the Navy retire Mr. Lowry pursuant to 10 U.S.C. § 7314, effective as of the time that he would have served twenty years, because that statutory provision applies to members of the Army, not the Navy. Id. at 4.

For the reasons set forth below, the Court declines to reconsider whether to remand the case to allow the BCNR to: (1) "clarify" its original decision; or (2) decide whether the Navy violated its regulations requiring service members to be notified of the grounds for their separation in the separation notice. Reconsideration is not warranted because the Court has already carefully considered the government's arguments concerning these issues and rejected them.

On the other hand, the Court agrees that it should not have directed the Navy to retire Mr. Lowry pursuant to 10 U.S.C. § 7314 because: (1) the provision that governs the status of enlisted members of the Navy who have served twenty years is 10 U.S.C. § 8330(b), not 10 U.S.C. § 7314; and (2) section 8330(b) does not grant enlisted members of the Navy an entitlement to retire after twenty years of service. Instead, it provides that after serving twenty years they may be transferred to the Fleet Reserve, 10 U.S.C. § 8330(b), at the discretion of the Secretary of the Navy, MILPERSMAN 1910-166 ¶ 1.

The government's motion for reconsideration is thus **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court **VACATES** the portion of its April 8, 2021 Opinion and Order insofar as it directed the Navy to retire Mr. Lowry in accordance with 10 U.S.C. § 7314. It further **ORDERS** that this case be remanded to the BCNR for proceedings consistent with its April 8 Opinion and with the instructions set forth below.

## DISCUSSION

### I.      Standards Governing a Motion for Reconsideration

The government has predicated its motion for reconsideration on RCFC 60(b)(6). But that Rule applies to requests for relief from "a final judgment, order, or proceeding" (emphasis supplied). See Dellums v. Powell, 566 F.2d 231, 234 (D.C. Cir. 1977) (holding that "Rule 60(b) applies only to modifications of final judgments"); see also Webster v. United States, 93 Fed. Cl. 676, 678–79 (2010) (observing that "Rule 60(b) enables a court to grant a party relief from a judgment or order in circumstances in which the need for truth outweighs the value of finality in litigation") (footnotes and internal punctuation omitted) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 60.02[2] (3d ed. 2004).[1] The Court did not enter final judgment in its

---

[1] The language of Rule 60(b) of the Federal Rules of Civil Procedure is essentially identical to that of RCFC 60(b), and interpretation of the RCFC is "guided by case law and the Advisory

April 8 Opinion. Instead, it remanded the case to the BCNR for further proceedings in accordance with RCFC 52.2, which expressly contemplates that there is still more for the Court to decide and that there will be additional proceedings before the Court post-remand. See RCFC 52.2(e) (Post-Remand Proceedings).

The government's motion is more appropriately characterized as one predicated on RCFC 54(b), which states that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." RCFC 54(b) "governs non-final orders" which "may be revisited at any time." Fla. Power & Light Co. v. United States, 66 Fed. Cl. 93, 97 (2005). It reflects the long-held understanding that "[c]ourts possess inherent power to modify their interlocutory orders before entering a final judgment." Id. at 96 (citing Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 47–48 (1943); John Simmons Co. v. Grier Brothers Co., 258 U.S. 82, 88 (1922)); see also Martin v. United States, 101 Fed. Cl. 664, 670 (2011) (citing Wolfchild v. United States, 68 Fed. Cl. 779, 784–85 (2005) (same), aff'd sub nom. Fournier v. United States, No. 2012-5056, 2012 WL 6839784 (Fed. Cir. Nov. 27, 2012).[2]

It bears noting that the standards justifying reconsideration under RCFC 54(b) are considerably less strict than those that apply under RCFC 60(b)(6), the Rule upon which the government relies. Rule 60(b)(6) allows reconsideration "only in 'extraordinary circumstances.'" Buck v. Davis, 137 S. Ct. 759, 777 (2017) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). On the other hand, reconsideration is available under RCFC 54(b) "as justice requires." L-3 Commc'ns Integrated Sys., L.P. v. United States, 98 Fed. Cl. 45, 48 (2011) (internal quotation marks omitted). And, as the district court observed in Cobell v. Norton, "asking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." 224 F.R.D. 266, 272 (D.D.C. 2004); see also L-3 Commc'ns Integrated Sys., 98 Fed. Cl. at 49 (same (quoting Potts v. Howard University Hospital, 623 F.Supp.2d 68, 71 (D.D.C. 2009))).

---

Committee Notes that accompany the Federal Rules of Civil Procedure." RCFC Rules Committee Note (2002); see also Kraft, Inc. v. United States, 85 F.3d 602, 605 n.6 (Fed. Cir. 1996) ("The precedent interpreting the Federal Rules of Civil Procedure applies with equal force to the comparable Rules of the Court of Federal Claims."), op. modified on denial of reh'g, 96 F.3d 1428 (Fed. Cir. 1996).

[2] There has been some debate among the judges of this court whether RCFC 59(a) also applies where a party seeks reconsideration of interlocutory orders. See E&I Glob. Energy Servs., Inc. v. United States, 152 Fed. Cl. 524, 530–33 (2021) (discussing divergent viewpoints). As reflected in its order denying the government's motion for a stay, ECF No. 30 at 2, the Court finds persuasive Judge Tapp's recent decision in E&I Glob. Energy Servs. holding that "RCFC 54(b) governs reconsideration of interlocutory decisions, while RCFC 59 governs reconsideration of decisions after Judgments." Id. at 530.

## II.    Reconsideration of the Court's Interpretation of the BCNR's Decision

In its April 8 Opinion, the Court explained that the BCNR upheld Mr. Lowry's separation based on its determination that the action was taken because he had failed to report his DUI convictions, and not because of the commission of the DUI offenses themselves. April 8 Op. at 17. The Court held that, in light of the BCNR's determination regarding the basis for the separation, the Navy violated its own regulations when it processed the separation. Id. at 16. Specifically, it violated regulations that require that service members receive advanced notice of the reasons for separation so that they may respond to them during the course of the separation board process. Id.

The Court finds that justice does not require reconsideration of the Court's interpretation of the bases for the BCNR's decision because the government's arguments are simply a rehash of those it made to the Court before. See L-3 Commc'ns Integrated Sys., 98 Fed. Cl. at 49 (observing that "[a] motion for reconsideration [under RCFC 54(b)] is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court" (quoting Alpha I, L.P. ex rel. Sands v. United States, 86 Fed. Cl. 568, 572 (2009))); Seldovia Native Ass'n v. United States, 36 Fed. Cl. 593, 594 (1996) (stating "that motions for reconsideration should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time'" (quoting Roche v. District of Columbia, 18 Ct. Cl. 289, 290 (1883))); Dunlap v. Presidential Advisory Comm'n on Election Integrity, 319 F. Supp. 3d 70, 85 (D.D.C. 2018) (explaining that a motion for reconsideration does not entitle a party "to that second bite at the apple").

As the Court explained in its earlier opinion, the BCNR twice identified Mr. Lowry's "failure to disclose [his] civilian arrests" when describing "the nature of the misconduct for which [he was] separated," and it ultimately upheld the separation for the "misconduct of failing to disclose the civilian arrests." April 8 Op. at 16–18 (alterations in original) (quoting Admin. R. ("AR") 28, ECF No. 10-1); see also AR 26–29 (narrative of BCNR decision). In its motion, the government attempts to cast doubt on the Court's conclusion by asserting that it was "based upon two sentences in the Board's opinion." Def.'s Mot. at 8. This is similar to the tack counsel took at oral argument, when—in response to the Court's questions about what it should make of the cited sentences—counsel could only observe that "the words are the words." Oral Arg. at 54:10.

But the "two sentences" the Court found significant were not throwaway lines. To the contrary, the Board's understanding that Mr. Lowry was separated for failure to disclose was the only reason it gave for deciding that Mr. Lowry's PTSD did not mitigate the gravity "of the misconduct for which [he was] separated." April 8 Op. at 17 (alteration in original) (citing AR 28).

Further, because the BCNR found that the ultimate decision to separate Mr. Lowry was based on his failure to report his DUIs, the Court sees no reason to seek the BCNR's opinion whether the Navy's regulations were violated. The government does not deny that it would be inconsistent with the Navy's procedural regulations to separate Mr. Lowry on the basis of his failure to disclose his DUIs. Rather, it argues that—despite the explicit language in the BCNR's decision—the Board did not find that Mr. Lowry was separated because of his failures to

disclose. <u>See</u> Def.'s Mot. at 7–9. Because the Court has already rejected the latter contention, there is nothing further for the Board to decide. The government's motion for reconsideration as to the scope of the Board's proceedings on remand is therefore denied.

## III.    Reconsideration Regarding Correction of Record to Reflect Retirement

The government also argues that the Court's direction that the Board correct Mr. Lowry's records to reflect a retirement pursuant to 10 U.S.C. § 7314 as of the date he would have reached twenty years of service warrants reconsideration. <u>See</u> Def.'s Mot. at 4–5. It points out that 10 U.S.C. § 7314 governs the retirement of enlisted members of the Army, not the Navy. <u>Id.</u> at 4.

The Court agrees that it should not have directed the BCNR to correct Mr. Lowry's records to reflect his retirement after twenty years of service. Mr. Lowry's status upon reaching twenty years of service is governed by 10 U.S.C. § 8330(b), not 10 U.S.C. § 7314. Section 8330(b) provides that an enlisted Naval service member "who has completed [twenty] or more years of active service in the armed forces may, at his request, be transferred to the Fleet Reserve." Once transferred, the service member is "entitled, when not on active duty, to retainer pay." 10 U.S.C. § 8330(c)(1). A member of the Fleet Reserve who has completed thirty years of service is automatically transferred to the retired list pursuant to 10 U.S.C. § 8331(a)(1).

Having found that Mr. Lowry's status is governed by 10 U.S.C. § 8330 and not 10 U.S.C. § 7314, the next issue the government's motion addresses is whether the Court may direct the BCNR to correct Mr. Lowry's records to reflect a transfer to the Fleet Reserve after twenty years of service. <u>See</u> Def.'s Mot. at 5–7. The Court again agrees with the government that it cannot do so because the decision whether to transfer an eligible service member to the Fleet Reserve is left to the discretion of the Secretary of the Navy.

As noted, section 8330(b) provides that, after twenty years of service, a service member "may, at his request, be transferred to the Fleet Reserve." 10 U.S.C. § 8330(b) (emphasis supplied). The use of the permissive "may" rather than the mandatory "shall" indicates that the decision whether to transfer a member to the Fleet Reserve is left to the Secretary of the Navy's discretion. <u>See</u> <u>Cedillo v. United States</u>, 124 F.3d 1266, 1268 (Fed. Cir. 1997) (explaining that the decision to grant retirement at twenty years is discretionary because 10 U.S.C. § 8914 (1994) states that a member of the Air Force with at least twenty but less than thirty years of service "may, upon his request, be retired"); <u>cf.</u> 10 U.S.C. § 8331(a)(1) (providing that a member of the Fleet Reserve who has completed thirty years of service "shall be transferred . . . to the retired list").

Navy regulations similarly do not establish any entitlement to transfer to the Fleet Reserve after twenty years of service. To be sure, the Navy Military Personnel Manual establishes eligibility criteria for transfer upon reaching twenty years of service. <u>See</u> MILPERSMAN 1830-040 ¶¶ 3, 4 (setting forth eligibility criteria for Fleet Reserve transfer). But it does not require that the Secretary of the Navy grant the transfer requests of otherwise eligible applicants. In fact, it states that "[t]he discretion of [the Secretary of the Navy] to approve such transfers [i.e., to the Fleet Reserve] is absolute." MILPERSMAN 1910-166 ¶ 1. It also explicitly reserves to the Secretary the authority to deny requests or modify them "based on the member's

service, conduct, performance, or for any other reason which is supported by sufficient evidence." Id.[3]

The "basic premise of the constructive service doctrine" is that plaintiffs who show that they were wrongfully separated from the service should be "return[ed] . . . to the position they would have occupied 'but for' their illegal release from duty." Barnick v. United States, 591 F.3d 1372, 1379 (Fed. Cir. 2010) (quoting Dilley v. Alexander, 627 F.2d 407, 413 (D.C. Cir. 1980). The fact that the decision whether to transfer a service member to the Fleet Reserve rests with the Secretary of the Navy has implications for the application of the doctrine in this case. Here, had he not been improperly separated, Mr. Lowry would have reached twenty years of service prior to the end of his most recent enlistment and would have been entitled under section 8330(b) to be considered for transfer to the Fleet Reserve. But, as noted, MILPERSMAN 1910-166 paragraph 1 states that the Secretary can deny or modify transfer requests "based on the member's service, conduct, performance, or for any other reason which is supported by sufficient evidence." The Secretary, in other words, has the discretion to deny or modify a transfer request for any non-arbitrary reason, subject only to the requirement that there is sufficient evidence to support the reason upon which the Secretary relies.

On this record, and without further information, the Court cannot determine whether, had the Secretary of the Navy received a transfer request from Mr. Lowry, he would have approved, denied, or modified that request. It will therefore direct the BCNR to make that determination in the first instance, taking into consideration any information that Mr. Lowry wishes to submit, the Navy's standards and practices, and the views of the appropriate Navy officials. See 28 U.S.C. § 1491(a)(2) (affording the Court the authority "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just").

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the government's motion for reconsideration, ECF No. 32. The remand instructions contained in the April 8, 2021 opinion, ECF No. 27, are **VACATED** and replaced as follows:

The case is remanded to the BCNR for the correction of Plaintiff's military record to eliminate references to his separation and to reflect his continued service through the final date of his most recent enlistment. The BCNR shall determine the amount of back pay and other benefits or allowances that Mr. Lowry would have received had he remained on active duty through the date on which his term of enlistment would otherwise have expired. It shall also

---

[3] The Manual also states that a service member "with sufficient service who is recommended for transfer in a reduced pay grade may request an administrative separation . . . board in which to argue that transfer [to the Fleet Reserve] should be approved in the member's current pay grade." MILPERSMAN 1910-166 ¶ 1. The board's recommendation, however, is not binding on the Secretary. Id. The Manual does not specify an administrative remedy for an applicant whose request for transfer is denied in its entirety. The Court assumes that the BCNR would be available as a forum to challenge the denial of a transfer request under its authority to correct errors or remove injustices.

make any other corrections to Mr. Lowry's records that are appropriate in light of the Court's decision that Mr. Lowry's separation was improper.

In addition, the BCNR shall determine whether, but for the illegal separation action, Mr. Lowry would have been transferred to the Fleet Reserve upon request after the completion of twenty years of service. Specifically, the BCNR shall determine:

1. whether, but for the illegal separation action, Mr. Lowry would have been eligible for transfer to the Fleet Reserve upon the completion of twenty years of service, and, if so:
2. what criteria the Secretary would have used to determine whether to grant a request by Mr. Lowry for transfer to the Fleet Reserve; and
3. whether, upon the application of those criteria, Mr. Lowry's request for transfer would have been granted, modified, or denied.

The Board's remand proceedings shall be completed within 120 days of this Order. The parties shall file a joint report every sixty days advising the Court of the status of the proceedings on remand. The Court will retain jurisdiction over the case during the course of the proceedings on remand, and the proceedings before the Court remain stayed during that time.

Pursuant to RCFC 52.2(e), the parties shall file notice with the Court within thirty days of the BCNR's decision on remand stating whether that decision affords a satisfactory basis for the disposition of the case and whether the parties require further proceedings before the Court.

The Clerk is directed to serve this Opinion and Order on the Board for Correction of Naval Records at the following address:

Elizabeth A. Hill, Executive Director
Board for Correction of Naval Records
701 S. Courthouse Road, Suite 1001
Arlington, VA 22204-2490

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge